Kermit C. ZIEG, Jr.; Patricia Sturgis, (deceased), Plaintiffs–Appellants,

v.

UNITED STATES of America; Small Business Administration, Defendants–Appellees.

No. 87–2693.

United States Court of Appeals, Fourth Circuit.

Argued May 2, 1988.

Decided June 20, 1988.

Kevin McCormick (Crossland, Shilling & McCormick, P.C., Springfield, Va., Michael J. Goergen, Washington, D.C., on brief), for plaintiffs-appellants.

Paula M. Potoczak, Asst. U.S. Atty., Wayne T. Baucino, Third Year Law Student (Henry E. Hudson, U.S. Atty., Alexandria, Va., on brief), for defendants-appellees.

Before PHILLIPS, SPROUSE and ERVIN, Circuit Judges.

ERVIN, Circuit Judge:

Kermit Zieg brought this suit for himself and on behalf of the estate of his wife under the Federal Tort Claims Act, 28 U.S. C. § 1346(b) and § 2671 *et seq.*, alleging that the government converted certain chattel paper belonging to him. The district court held that Zieg's security interest in the chattel paper was not perfected, hence no conversion arose because the government's interest was prior. We affirm.

In April of 1980 Zieg loaned Michael and Jeanne Davis and Davis Properties ("Davis") $50,000. Davis gave Zieg a promissory note in return and executed a deed of trust which provided that the note was secured by real property and contract rights owned by Davis. The collateral included business interests in two Subway Shops in Virginia. The trust also attached to any after acquired property and provided that in the event of default under the note, no profits or distributions from the real estate could be released until the note was paid. The deed was filed incorrectly in the land records of Fairfax County and the City of Alexandria, Virginia. The deed should have been filed in the office of the State Corporation Commission ("SCC") and the clerk's office of the county wherein the debtor's business was located.

Davis defaulted on the note to Zieg. Davis sold one of the Subway Shops to Eden and took a $131,000 note as payment. On February 2, 1982, the amount of the Eden note was negotiated down to $70,000. In June of 1982, Davis pledged the Eden note to the Business Bank of Fairfax as security for an SBA guaranteed loan. Davis defaulted on this second note. The SBA paid the bank and took possession of the Eden note and collected full payment on it. The SBA filed a financing statement with the Virginia SCC.

When considering Davis' request for a loan in 1982, the Bank and the SBA conducted a lien search and gained actual knowledge of the contents of the deed of trust to Zieg. The SBA admitted actual knowledge of Zieg's interest in the Eden note. App. at 9. (Request for admission # 7).

The district court ruled that Zieg had not perfected his security interest in the Eden note because it was proceeds of the original collateral and was not perfected as required under the U.C.C. filing provisions of 9–306(3) and because the deed of trust did not adequately describe the property cover-

ed by the lien.[1] In this case we agree.

The deed of trust was filed in the wrong place. The filing should have been made in the SCC and the local clerk's office. However, Va.Code § 8.9–401(2) preserves Zieg's perfected security interest in the Subway Shop because the SBA had actual knowledge of the contents of the misfiled documents. That section provides that a "filing which is made in good faith in an improper place ... is effective with regard to collateral covered by the financing statement against any person who has knowledge of the contents of such financing statement." We agree that if the collateral in dispute happened to be the business interest, Zieg's filing, even though wrongly placed, is effective to preserve his rights as against the bank and the SBA. The problem is that the collateral in dispute is not the business itself but proceeds from the sale of the business.

The Eden note given in consideration of the sale of the Subway Shop is chattel paper under Va.Code § 8.9–105(1)(b). One perfects a security interest in chattel paper by filing a financing statement with the SCC or taking possession of the paper. Va.Code § 8.9–304(1), 8.9–401(1)(c), and 8.9–305. The dispute arises as to whether the policy of section 8.9–401(2), to protect the first secured creditor's interest in collateral where the financing statement was wrongly filed, also extends far enough to protect that party's interest in proceeds of the original collateral. Zieg argues that if his filing is treated as a proper one, then his interest continues perfected in the proceeds from the sale of the business. He relies on Va.Code § 8.9–306(2) for this proposition. He also argues that the Bank's and the SBA's actual knowledge of the language in the trust deed from Davis to Zieg protected Zieg's right to the proceeds of the sale. The SBA and the Bank respond that section 8.9–306(3) controls, not subsection (2). They maintain that after the sale of the original collateral, Zieg

should have refiled to protect his interest. When he did not refile within 20 days, his first prior status lapsed, and under section 8.9–312(5) the Bank and the SBA gained priority. The Bank and the SBA, relying on official comments to section 9–312(5) of the UCC, argue that their knowledge is irrelevant; they maintain that they won the race to the courthouse.

Turning to the language of section 8.9–306, we see that subsection (2) tells us generally that identifiable proceeds remain perfected. Subsection (3) modifies section (2) and says that under certain circumstances[2], the secured creditor must refile within 20 days to continue perfection in the proceeds of the collateral. Zieg reads only section (2) and says that generally his interest in the proceeds continues. The Bank and the SBA read section (3)(a) and argue that Zieg must refile, that he did not do so, and that they are now prior to him. Reading the sections together with § 8.9–401(2), we believe that Zieg's interest lapsed.

Zieg incorrectly filed a deed of trust to protect his interest in the Subway Shops. While this incorrect filing did not perfect his security interest as against the world, it does constitute an effective filing as to those like the Bank and the SBA who actually know the contents of the improperly filed document. He now seeks to extend the protection afforded by section 8.9–401(2) to the proceeds received from the sale of the Subway Shop. As to these proceeds, no good faith attempt to file was ever made by Zieg, he relies on the position that if his interest in the original collateral is protected, then his interest in the proceeds is automatically protected. Section 8.9–306(3) belies any such claim. If the deed of trust had been properly filed by the SCC, then no refiling as to the proceeds would be necessary, but that is not our case. Zieg asks this court to excuse his good faith error on the first filing, which we are willing to do as per § 8.9–401(2). Then he asks us to forgive his failure to

---

1. Because of our disposition of the issue of Zieg's perfection of his interest in the proceeds we need not reach the description issue.

2. Refiling is necessary when a financing statement covering proceeds would be filed in a different place than a financing statement covering the original collateral.

file as to the chattel paper because if his first misfiling is given legal effect no second filing need occur, § 8.9–306(3)[3]. We are simply not willing to take this step, for that would mean that one who incorrectly filed a deed of trust as to the original collateral and never made any attempt to file as to the proceeds of that collateral could maintain first priority. One who so thoroughly sleeps on his rights is not entitled to so much protection.

AFFIRMED.

---

**3.** However, § 8.9–401(2) does not pretend to explicitly excuse the failure of those who fail to refile to protect their interest in proceeds of the original collateral.